UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHANIEL D. COULSON,  :  <br> Plaintiff,  : <br> : <br> v.  : <br> : <br> SUPERINTENDENT VINCENT  : <br> MOONEY, ET AL.,  : <br> Defendants  : | CASE NO. 3:15-CV-0459 <br><br> (JUDGE NEALON) |

**MEMORANDUM**

**Background**

On March 6, 2015, Plaintiff, Nathaniel D. Coulson, an inmate currently incarcerated at the State Correctional Institution in Coal Township, Pennsylvania, ("SCI-Coal Twp.") filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against the following Defendants: (1) Vincent Mooney, the Superintendent of SCI-Coal Twp.; (2) Trish Kelly, the Grievance Coordinator at SCI-Coal Twp.; and (3) R. Kishbaugh, Lieutenant at SCI-Twp. (Doc. 1). At the same time he filed the complaint, Plaintiff also filed a motion for leave to proceed in forma pauperis. (Doc. 2). An initial screening of the complaint has been conducted, and for the reasons set forth below, the motion to proceed in forma pauperis will be granted for the sole purpose of filing the instant action, and the complaint will be dismissed with prejudice.

**Standard of Review**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to dismiss an action brought by a prisoner under 28 U.S.C. § 1915[1] if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.  "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  Credico v. Guthrie, 2014 U.S. App. LEXIS 11960, *3 (3d Cir. 2014).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court "must accept the truth of all factual allegations in the complaint and must draw all

---

1. Section 1915(e)(2) of Title 28 of the United States Code provides:

    (2) Notwithstanding any filing fee, or any portion thereof, that
    may have been paid, the court shall dismiss the case at any time
    if the court determines that--
        (A) the allegation of poverty is untrue; or
        (B) the action or appeal--
            (i) is frivolous or malicious;
            (ii) fails to state a claim on which relief may be granted; or
            (iii) seeks monetary relief against a defendant who is
             immune from such relief.

reasonable inferences in favor of the non-movant." <u>Revell v. Port Auth.</u>, 598 F.3d 128, 134 (3d Cir. 2010).

"Additionally, a civil rights complaint must comply with Federal Rule of Civil Procedure 8(a)." <u>Atwater v. Shaffer</u>, 2014 U.S. Dist. LEXIS 87463, *3 (M.D. Pa. 2014) (Jones, J.).  Federal Rule of Civil Procedure 8(a)(2) dictates that to state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>  "The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005).  Further, <u>pro se</u> complaints are to be liberally construed.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

**<u>Complaint</u>**

Plaintiff's complaint states in total: "the CO [and] SGT proceeded to tell [his] old cell[mate] to pack [his] property and in that process, he deliberately destroyed [his] television [and] sold off [his] venda card along with a lot of [his] other personal property." (Doc. 1, p. 3).  As relief, Plaintiff seeks: (1) three

3

hundred fifty dollars ($350.00) for the cost of his "television that was deliberately destroyed;" (2) seventy-five dollars ($75.00) in the "mental strain" of being placed with his cellmate; and (3) an order that neither Defendant Mooney or other corrections officers could retaliate against him. (Doc. 1, p. 3).

**Discussion**

In order to state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). "To establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." Keys v. Carroll, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012) (Caputo, J.), citing Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

Initially, it is determined that Plaintiff has failed to allege personal

involvement of any of the named Defendants. The only facts he alleges are that the "CO [and] SGT" directed his cellmate to pack his property. (Doc. 1, p. 3). He does not allege that any of the named Defendants were personally involved in any deprivation of his rights under the Constitution or any other law of the United States.

Moreover, Plaintiff is alleging a Fourteenth Amendment deprivation of property without due process claim. However, his claim is not actionable under 42 U.S.C. § 1983. See Tate v. Neal, 1996 U.S. Dist. LEXIS 3438 (E.D. Pa. 1996) (dismissing the complaint on screening because the plaintiff had an adequate post-deprivation remedy to address his claim that the undercover officer seized his property and failed to return it). The Supreme Court of the United States has held that neither negligent nor intentional deprivations of property violate the Due Process Clause if there is a meaningful post-deprivation remedy for the loss. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 530 (1981). The Third Circuit Court of Appeals has "held that the prison's grievance program and internal review provide an adequate post-deprivation remedy to satisfy due process." Barr v. Knauer, 321 Fed. Appx. 101, 103 (3d Cir. 2009) (citing Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000)). See also Miller v. DiGuglielmo, 2010 U.S. Dist. LEXIS 127096,

28-29 (E.D. Pa. 2010) (concluding that a "prisoner's 'failure to [properly] avail himself of such remedy does not affect its adequacy as a post-deprivation remedy'"), citing Griffin-El v. Beard, 2010 U.S. Dist. LEXIS 42453, *21-22 (E.D. Pa. 2010). Additionally, "the failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." Gordon v. Vaughn, 1999 U.S. Dist. LEXIS 7060, at *4 (E.D. Pa. May 12, 1999) (citing Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994), cert. denied, 514 U.S. 1022, 131 L. Ed. 2d 227, 115 S. Ct. 1371 (1995)).

Moreover, Plaintiff has another post-deprivation remedy, namely a state conversion action. See Crosby v. Piazza, 2012 U.S. App. LEXIS 4084, *8 (3d Cir. 2012) (holding that to the extent an inmate "is dissatisfied with the outcome of the administrative process, he may still file a state court tort action"); Reavis v. Poska, 2010 U.S. Dist. LEXIS 60020, *21-22 (W.D. Pa. 2010) ("Plaintiff, cannot as a matter of law, make a claim under the Fourteenth Amendment for a deprivation of property without due process" because the DOC's "internal grievance procedure and the availability of a state tort suit in state court provide adequate post deprivation remedies."); 42 Pa. C.S.A. § 8522(a), (b)(3).

Plaintiff admitted that he participated in a meaningful post-deprivation grievance procedure, but that his grievance was denied. (Doc. 1, p. 2). As

discussed, if a meaningful post-deprivation grievance procedure is available, regardless of whether the result of this grievance procedure is favorable to the plaintiff, the plaintiff will not have a claim for a violation of the Due Process Clause of the Fourteenth Amendment. Therefore, in accordance with the aforementioned precedential case law, Plaintiff has failed to not only allege personal involvement of the named Defendants, but has also failed to allege a Fourteenth Amendment violation of the Due Process Clause. As such, it is determined that plaintiff has failed to establish the existence of a constitutional injury actionable under section 1983, and the complaint will be dismissed with prejudice.

    A separate Order will be issued.

**Date**: March 11, 2015

                                        **/s/ William J. Nealon**
                                        **United States District Judge**